**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

THOMAS ANTHONY VINSON,

    Plaintiff,

    v.

CORRECTIONAL OFFICER BROWN, et al.,

    Defendants.

Case No. 2:23-cv-80

Sargus, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

**I.    Background**

Upon initial screening under 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2), this Court screened Plaintiff's pro se prisoner civil rights complaint, and directed the case to proceed on claims relating to the alleged denial of medical treatment. (Doc. 8). Plaintiff subsequently amended his complaint, and the Court entered a Calendar Order on September 26, 2023. (*See* Docs. 13, 16).

Still pending before the Court are two essentially identical motions filed by Plaintiff that seek an order that requires all parties to obtain and use a "control number" prior to sending legal mail to Plaintiff. (Docs. 5, 6). Plaintiff's motions refer to a fairly recent Ohio Department of Rehabilitation and Correction ("ODRC") change in policy that impacts the receipt of legal mail sent to prisoners, ODRC Policy 75-MAL-03. The referenced new policy permits authorities to treat legal mail sent to an inmate as regular non-legal mail unless the mail is marked with a legible and valid "control number." Defendants filed no response to Plaintiff's pending motion.

II.     Analysis

Both a prior ODRC policy, No. 59-LEG-01, Section IV (effective December 2, 2019 through March 26, 2023), as well as former Ohio Admin. Code § 5120-9-17(B)(2) (effective through April 7, 2022), previously defined "legal mail" as mail addressed to an inmate that bears a return address from "an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee." However, new ODRC Policy No. 75-MAL-03, entitled "Incarcerated Population Legal Mail" does not consider the return address of the sender alone to define "legal mail." Under the new policy, the designated legal sender also must obtain a unique control number from ODRC for each piece of legal mail it wishes to send to an inmate in order for the ODRC to recognize the mail as "legal mail."[1]

In 2022, the definition of "legal mail" contained in Ohio Admin. Code § 5120-9-17(B)(2) was revised to be consistent with the new policy:

> "Legal mail" is mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee **that is marked with a valid control number provided by the department.** It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee. **If mail is received from any of the groups listed without a valid control number, then it may be treated as a regular, non-legal mail**, as set forth in paragraph (B)(1) of this rule.

Ohio Admin. Code § 5120-9-17(B)(2) (effective April 8, 2022) (emphasis added). Additionally, as of March 27, 2023, 59-LEG-01 was revised to state that legal mail "shall

---

[1] *See generally Straughter v. Eddy*, No. 2:23-cv-1268-SDM-SKB, 2023 WL 6290069, at *2-4 (S.D. Ohio Sept. 27, 2023) (discussing the evolution of the issue in 2021 and 2022 and the process for obtaining control numbers).

2

be handled pursuant to OAC 5120-9-17 – Incoming Mail, 5120-9-18 - Outgoing Mail, and ODRC Policy 75-MAL-03 – Incarcerated Population Legal Mail." *Id*. section VI.G.1.

In a recent order in *Williams v. Warden*, No. 2-23-cv-1042-JLG-KAJ, Magistrate Judge Jolson noted that soon after the revised mail policy went into effect, this Court began to see "significant motion practice, delay, and administrative cost in many cases," and observed several lawsuits filed to "specifically challeng[e] the constitutionality of the new policies and practices." *Williams, supra* (Doc. 28, Order of 12/20/23 at *2, PageID 320). In a prior case, *Straughter v. Eddy*, No. 2:23-cv-1268-SDM-SKB, 2023 WL 6290069 (S.D. Ohio Sept. 27, 2023), the undersigned pointed out that the revised ODRC mail policy appears in conflict with *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003), in which the Sixth Circuit clearly defined "mail from a court" as "legal mail" which "cannot be opened outside the presence of a prisoner who has specifically requested otherwise." *Id.; accord Williams, supra* at *2.

To date, this Court has declined to direct the Clerk to obtain a "control number" for every piece of mail sent to every Ohio inmate based in part on the administrative burden that such a requirement would impose. And under *Sallier*, it would not appear that there is any need for the Court to do so. But because of Ohio's new mail policy, Plaintiff here expresses some of the same concerns that this Court has heard from other inmates.

> Some of the main concerns repeated in inmate filings are that mail from this Court - often requiring the inmate to take action within a limited number of days - is delayed without tracking or recourse, is copied with pages missing, or is simply not delivered at all. Inmates complain that they cannot timely proceed in their cases if institutional mailroom staff has unfettered control over whether, when, and in what form they receive this Court's orders.

*See Williams, supra,* (Order of 12/20/23 at **3-4, PageID 321-322).

3

In both *Williams* and in *Straughter*, this Court has acknowledged that the judges of both the Southern and Northern Districts of Ohio have taken a variety of approaches to the "control number" issue. In *Straughter*, the undersigned denied the inmate's motion to require this Court to obtain a "control number" without prejudice to renew the motion at a later time. Having reconsidered the issue with the benefit of Judge Jolson's recent decision in *Williams*, the undersigned now adopts the *Williams* approach for mail sent *from this Court*. On the other hand, with respect to mail sent from Defendants, Plaintiff's motion will be denied without prejudice to renew. It is not clear whether Defendants are or are not using "control numbers" for legal mail transmitted to Plaintiff. In addition, it is not clear that Plaintiff will suffer any prejudice if mail from Defendants does not contain a control number.[2]

### III. Conclusion and Order

For the purpose of managing this case in a timely and efficient manner and without formally deciding any underlying legal or constitutional issues, **IT IS ORDERED**:

1. Mail from this Court addressed to Plaintiff in this case is legal mail under *Sallier*, and the ODRC must treat it as legal mail going forward regardless of whether it bears a "control number";

2. Plaintiff's duplicate motions for an order requiring all parties to obtain control numbers in this case (Docs. 5, 6) are DENIED as unnecessary with respect to

---

[2] The greatest risk of prejudice would be if Defendants filed a motion that Plaintiff did not timely receive, and therefore failed to timely respond based on his lack of service. But in pro se prisoner cases, it is the general practice of this Court to issue a "show cause" order if an inmate fails to respond to a dispositive motion. Because the "show cause" order would be treated as legal mail and would give Plaintiff an additional opportunity to respond, it is highly unlikely that Plaintiff would suffer any actual prejudice.

mail transmitted from this Court, but without prejudice to renew for mail transmitted by Defendants;

3. The Clerk of Court is DIRECTED to serve this Order on (1) the Ohio Attorney General's Office (which represents defendants employed by the State of Ohio in similar matters) at 30 E. Broad Street, 23rd Floor, Columbus, OH 43215; and (2) the Mailroom Supervisor at Chillicothe Correctional Institution.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge