UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS ANTHONY VINSON,**

      **Plaintiff,**

    v.                            Case No. 2:23-cv-80
                                  JUDGE EDMUND A. SARGUS, JR.
**CHILLICOTHE**                  Magistrate Judge Stephanie K. Bowman
**CORRECTIONAL**
**INSTITUTION,** *et al.***,**

      **Defendants.**

**OPINION AND ORDER**

Plaintiff, Thomas Anthony Vinson, an inmate at the Chillicothe Correctional Institution ("CCI"), brings this civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1; *see also* Am. Compl., ECF No. 13.) Mr. Vinson is proceeding without the assistance of counsel. (*Id.*) He alleges that Defendants violated his Eighth Amendment rights by acting with deliberate indifference in delaying his medical treatment after he experienced symptoms of a stroke. (*Id.*) Defendants moved to dismiss Mr. Vinson's Amended Complaint. (ECF No. 22.)

This matter is now before the Court on the Report and Recommendation issued by the Magistrate Judge. (R&R, ECF No. 40.) The R&R recommends that Defendants' motion to dismiss be granted in part and denied in part. (*Id.* PageID 381, 398.) Defendants timely filed an Objection to the R&R (ECF No. 42), and Mr. Vinson responded to Defendants' Objection (ECF No. 46).

    **I.**      **BACKGROUND**

Mr. Vinson brings his complaint against CCI, CCI Correctional Officers Captain Brown, and Lieutenant Mavis, and CCI Nurses Brown and Dobie. (*See* Am. Compl.) He alleges that Captain Brown and Lieutenant Mavis refused him medical treatment on October 3, 2020 at the onset of his stroke symptoms. (*Id.*; *see also* R&R, PageID 385.) Once he was transported to the

1

medical department roughly four hours after his initial request for urgent medical treatment, Mr. Vinson alleges that Nurse Brown and Nurse Dobie conducted an inadequate examination and continued to deny him appropriate treatment. (R&R, PageID 386.) Mr. Vinson again sought treatment on October 4, 2020, but he was not taken to the hospital until October 5, 2020, when he was diagnosed with an ischemic stroke. (*Id.*)

On an initial screen, this Court construed the complaint as alleging that Mr. Vinson experienced deliberate indifference to his obvious need for emergency care between October 3, 2020 and October 5, 2020. (*See* ECF No. 8; *see also* R&R, PageID 387.) Mr. Vinson also alleges that the individual Defendants violated CCI policy that requires correctional staff and health care staff to respond to a "medical emergency" within four minutes. (*Id.*) He seeks monetary damages and injunctive relief to prevent future violations of CCI's policy. (*Id.*)

Defendants moved to dismiss Mr. Vinson's complaint on several grounds. (ECF No. 22.) Mr. Vinson opposed Defendants' motion (ECF Nos. 26, 28) and Defendants replied in support of their motion (ECF No. 30). The Magistrate Judge issued a R&R recommending that Mr. Vinson's claims against the individual Defendants in their official capacities for monetary damages be dismissed as barred by sovereign immunity under the Eleventh Amendment. (R&R, PageID 389.) The R&R also recommended that Mr. Vinson's state-law claims against Defendants in their individual capacities be dismissed because Ohio has not consented to be sued outside of its own courts. (*Id.*) Next, the Magistrate Judge recommends that all claims against Defendant CCI be dismissed because Mr. Vinson failed to allege CCI's personal involvement in the alleged constitutional violations. (*Id.* PageID 390.) Finally, the Magistrate Judge recommends that Defendants' motion to dismiss on qualified immunity grounds be denied without prejudice to be renewed after developing the factual record. (*Id.* PageID 398.)

II.     ANALYSIS

Defendants timely filed an Objection to the R&R. (ECF No. 42.) When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Defendants raise three arguments in their Objection, none of which is persuasive. First, Defendants argue that Mr. Vinson failed to allege how each Defendant personally participated in the conduct that violated his Eighth Amendment rights. (ECF No. 42, PageID 408–10.) But Mr. Vinson alleged that when he began experiencing stroke symptoms, he asked that a call be placed to the shift Captain—Captain Brown. (Am. Compl., ¶ 18.) Captain Brown allegedly told Mr. Vinson's supervisor to tell Mr. Vinson "to use his other damn good arm" and to return to work. (*Id.* ¶¶ 19, 22.) Mr. Vinson alleged that he next spoke with Lieutenant Mavis to request urgent medical attention, but after a brief observation, Lieutenant Mavis told Mr. Vinson to "get his ass back to work or be placed in isolation." (*Id.* ¶ 22.) When he was finally transported to the medical department, Mr. Vinson contends that Nurse Brown or Nurse Dobie conducted an inadequate examination and continued to deny him appropriate treatment. (*Id.* ¶ 27.) Mr. Vinson claims that the Nurses said he would be issued a rule infraction if he did not leave and only provided him with "a few aspirins and some muscle rub[s]." (*Id.*)

As the Magistrate Judge explained, Mr. Vinson "need only allege facts that establish that each Defendant had knowledge of [Mr. Vinson's] symptoms. 'Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a

3

prison official knew of a substantial risk from the very fact that the risk was obvious.'" (R&R, PageID 392 (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).) Mr. Vinson alleged sufficient facts that he not only reported his stroke symptoms to each Defendant, but that his symptoms were obvious to any casual observer, let alone trained medical professionals like Nurse Brown and Nurse Dobie. Under the more lenient pleading standards for pro se litigants, Mr. Vinson has alleged sufficient facts that Defendants each exhibited deliberate indifference to his medical needs.

Next, Defendants object to the Magistrate Judge's recommendation that Defendants' motion to dismiss on qualified immunity grounds be denied without prejudice. (ECF No. 42, PageID 410–11; R&R, PageID 398.) Defendants offer no new arguments to support their position that Mr. Vinson's claims should be dismissed based on qualified immunity. As the R&R explained, generally issues of qualified immunity are resolved at the summary judgment stage rather than on a motion to dismiss or for judgment on the pleadings. (R&R, PageID 397); *see Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015) ("Although a [defendants'] entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, . . . that point is usually summary judgment and not dismissal under Rule 12.") (cleaned up)).

Finally, Defendants argue that the statute of limitations bars Mr. Vinson's claims. Specifically, Defendants contend that the two-year statute of limitations period for § 1983 claims began to run on October 19, 2020. (ECF No. 42, PageID 412–13.) According to Defendants, Mr. Vinson exhausted his administrative grievance on that date. (*Id.*) But Defendants' contention is incorrect. As the R&R explained, under the Prison Litigation Reform Act ("PLRA"), the statute of limitations period was tolled until Mr. Vinson exhausted his administrative grievance process on January 8, 2021. (R&R, PageID 387–88; Am. Compl., PageID 124.) Thus, the applicable statute of limitations ran through January 8, 2023. (*Id.*) Since Mr. Vinson filed his complaint on January

4

5, 2023, less than two years after he completed the administrative exhaustion process, his claims are not barred by the statute of limitations. (*Id.*) The Court finds no error in the Magistrate Judge's recommendation that Defendants' motion to dismiss be denied on these grounds.

### III. CONCLUSION

The Court has made a de novo review of this record as required by 28 U.S.C. § 638(b) and Rule 72(b). Upon said review, Defendants' Objection is **OVERRULED**. (ECF No. 42.) The Report and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 40.) Defendants' motion to dismiss (ECF No. 22) is **GRANTED in part** and **DENIED in part**. Defendants' motion to dismiss on qualified immunity grounds is **DENIED WITHOUT PREJUDICE** and may be renewed following the development of the factual record.

Mr. Vinson's claims against Defendant Chillicothe Correctional Institution are **DISMISSED**. Mr. Vinson's claims for monetary damages against Defendants Captain Brown, Lieutenant Mavis, Nurse Brown, and Nurse Dobie in their official capacities, as well as his state law state-law claims against Defendants in their individual capacities are also **DISMISSED**. Mr. Vinson may proceed on his § 1983 deliberate indifference claim against the four individual Defendants.

This case remains open.

IT IS SO ORDERED.

**12/5/2024**                                                        **s/Edmund A. Sargus, Jr.**  
**DATE**                                                                     **EDMUND A. SARGUS, JR.**  
                                                                                **UNITED STATES DISTRICT JUDGE**